# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHERYL LANGEVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action Docket No: |
| | ) |
| DEARBORN NATIONAL and HEALTH | ) |
| CARE SERVICES CORP. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants Dearborn National and Health Care Service[][1] Corporation ("Defendants"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, request removal of a civil action commenced by Plaintiff Sheryl Langevin ("Plaintiff" or "Langevin") in Cumberland County Superior Court, titled *Sheryl Langevin v. Dearborn National and Health Care Services Corp.*, Civil Action Docket No. PORSC-CV-2020-00556 (the "State Court Action"). In support of this Notice of Removal, Defendants state as follows:

**I.    BACKGROUND**

1. Langevin commenced this action by filing a Complaint for Retaliation (the "Complaint") in Maine Superior Court, Cumberland County, on or about December 28, 2020, a copy of which is included in Exhibit A to the Declaration of James R. Erwin ("Erwin Declaration"). After receiving a request from Plaintiff on January 22, 2021 for waiver of service, Defendants waived service on February 3, 2021.

2. Langevin's Complaint asserts claims against Defendants stemming from her former employment with Dearborn National, a subsidiary of Health Care Service Corporation. Langevin

---

[1] Plaintiff incorrectly identifies Defendant Health Care Service Corporation as Health Care "Services" Corporation.

alleges that Defendants violated the Maine Whistleblowers' Protection Act by terminating her employment in retaliation for allegedly engaging in protected activity.

## II.     GROUNDS FOR REMOVAL

3.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely as it has been filed with this Court within thirty (30) days after Defendants waived service of Langevin's Complaint.

4.     28 U.S.C. § 1441 establishes when an action is removable.  Section 1441(a) states that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.     The United States District Court for the District of Maine is the federal judicial district encompassing the Superior Court of Cumberland County, Maine, where Langevin originally filed this suit.  Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

6.     This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. §1332.  Section 1332 states, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7.     As the following facts demonstrate, this is a civil action arising between citizens of different states and in which the matter in controversy, upon information and belief, exceeds the sum of $75,000, exclusive of costs and interest:

    (a)     Langevin resides in the State of Maine. (Compl. ¶ 1).

    (b)     Defendant Dearborn National is the assumed name of Dearborn Life Insurance Company, which is a company organized under the laws of the

<ul style="list-style: none;">
<li>State of Illinois, with its principal place of business also within the State of Illinois.</li>
<li>(c) Defendant Health Care Service Corporation is organized under the laws of the State of Illinois, with its principal place of business also within the State of Illinois.</li>
<li>(d) Accordingly, there is complete diversity and this action involves a controversy between citizens of different states.</li>
<li>(e) In her Complaint, Langevin alleges that she was wrongfully terminated in violation of the Maine Whistleblowers' Protection Act. (*See* Compl. ¶¶ 61–65).</li>
<li>(f) Langevin also alleges that she has complied with all administrative requirements and received a right-to-sue letter from the Maine Human Rights Commission. (Compl. ¶ 57). Therefore, Langevin may seek compensatory and punitive damages under 5 M.R.S. § 4613, as well as attorneys' fees under 5 M.R.S. § 4614. *See* 5 M.R.S. § 4622 (limiting right to recover attorneys' fees and compensatory and punitive damages when plaintiff does not first file a charge with the Maine Human Rights Commission).</li>
<li>(g) As set forth in the Complaint, Langevin is seeking an award that is "sufficiently large to compensate for the damages she has suffered" including, but not limited to, general and non-economic damages, economic damages, pre-judgment and post-judgment interest, lost wages, punitive damages, and reasonable attorneys' fees and costs. (*See* Compl. at 9).</li>
</ul>

12846632.1

    (h)    The sum of compensatory and punitive damages for actions alleging intentional employment discrimination, including violations of the Maine Whistleblower's Protection Act, against employers with more than 500 employees may reach up to and including $500,000.00. *See* 5 M.R.S. § 4613(2)(B)(8)(e)(iv).

    (i)    Additionally, back pay is an available remedy under the Maine Whistleblowers' Protection Act. 5 M.R.S. § 4613(2)(A)(2); *see Sullivan v. St. Joseph's Rehab. & Residence*, 2016 ME 107, ¶ 18, 143 A.3d 1283, 1288 (stating an individual fired in violation of the Maine Whistleblowers' Protection Act may be entitled to lost wages).

8.    "[T]he fact that plaintiff did not request a specific amount in [her] complaint is not controlling" when determining the amount in controversy for purposes of removal. *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, at *2 (D. Me. Jan. 14, 2020), *report and recommendation adopted*, No. 2:19-CV-00510-GZS, 2020 WL 2996067 (D. Me. June 4, 2020). Here, Langevin seeks lost wages potentially dating back to August 26, 2019. (*See* Compl. ¶ 51). Langevin also seeks punitive damages that, due to Defendants having over 500 employees, could reach $500,000 if awarded. Further, she seeks non-economic damages. Based on the alleged lost wages and punitive and compensatory damages alone, it is more likely than not that the amount in controversy exceeds the $75,000 jurisdictional amount. *See Connolly*, No. 2:19-cv-00510-GZS, 2020 WL 209632, at *4 (finding defendant had established by a preponderance of the evidence that the amount in controversy exceeded $75,000 where plaintiff sought to recover back pay, front pay, and compensatory and punitive damages).

9. Langevin also seeks attorneys' fees under the Maine Whistleblowers' Protection Act. If a statute provides for attorneys' fees, the court may consider reasonable attorneys' fees in determining whether the amount in controversy exceeds the jurisdictional requirement. *See Finley v. George Weston Bakeries Distrib.*, 437 F. Supp. 2d 105, 108 (D. Me. 2007). The addition of Langevin's request for attorneys' fees provides further support of a finding that the amount in controversy will more likely than not exceed $75,000.

10. The party seeking to invoke diversity jurisdiction has the burden of alleging "with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Abdel-Aleem v. OPK Biotech LLC,* 665 F.3d 38, 42 (1st Cir. 2012). Based on the allegations in the Complaint and the description of the potentially available damages to Langevin set forth in this Notice of Removal, it is not a legal certainty that the claim involves less than the jurisdictional amount and, therefore, that the amount in controversy in the present case exceeds $75,000.

### III.   ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED

11. 28 U.S.C. § 1446(a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." The documents attached as Exhibits A and B to the Erwin Declaration include "all process, pleadings, and orders served" upon Defendants in the State Court Action.

12. All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

13. Defendants will cause to be filed with the Superior Court, Cumberland County, Maine a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal.

14. By its filing of this Notice of Removal, Defendants do not waive any motions or objections as to the sufficiency of the allegations of the Complaint, any other motions or objections, or any defenses they have to the substantive allegations of the Complaint.

WHEREFORE, Defendants respectfully request that the State Court Action be removed from the Cumberland County Superior Court to this Court.

Dated: February 23, 2021

/s/ James R. Erwin
James R. Erwin

Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
207-791-1100
jerwin@pierceatwood.com

Jill S. Vorobiev
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
312-207-1000
jvorobiev@reedsmith.com
*pro hac vice forthcoming

Joseph J. Mammone, Jr.
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, Texas 75201
469-680-4200
jmammone@reedsmith.com
*pro hac vice forthcoming

*Counsel for Defendants*
*Dearborn National and Health Care Service[] Corp.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

### CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2021, I served a copy of the Notice of Removal by electronic mail and addressed to the following:

Guy D. Loranger, Esq.
Law Office of Guy D. Loranger
1 Granny Smith Court; Suite 3
Old Orchard Beach ME 04064
guy@lorangerlaw.com


Dated: February 23, 2021                    /s/ James R. Erwin
                                            James R. Erwin

                                            Pierce Atwood LLP
                                            Merrill's Wharf
                                            254 Commercial Street
                                            Portland, Maine 04101
                                            207-791-1100
                                            jerwin@pierceatwood.com

                                            *Counsel for Defendants*
                                            *Dearborn National and Health Care*
                                            *Service[] Corp.*